# Murphey *v.* The State.

## *Larceny.*

(Decided January 22, 1914. 64 South. 520.)

1. *Larceny; Evidence.*—Where the evidence tended to show that shortly after an anvil was stolen, it was found in defendant's possession in his shop, and defendant's evidence tended to show that the only anvil in his shop at the time was one unlike the one stolen, evidence as to when and from whom defendant bought the anvil exhibited, was immaterial to any issue.

2. *Same; Charge of Court; Applicability to Evidence.*—Under the state of the evidence in this case the court properly denied an instruction that unless the jury believed that defendant was in possession of A's anvil, alleged to have been stolen, and in determining whether defendant was in possession thereof, the jury could look to the evidence that the anvil introduced in evidence was the only anvil in defendant's shop during the time involved, and if they find that various witnesses did so testify, they must acquit.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

James Murphey was convicted of stealing an anvil, and he appeals. Affirmed.

The evidence sufficiently appears. The charge requested was as follows: "Unless the jury believe from

the evidence defendant was in posssssion of Sam Abram's anvil alleged to have been stolen in April, 1911, and in determining whether or not defendant was in possession of such anvil the jury can look to the evidence of the various witnesses, with all the other evidence in the case, who have testified that the anvil introduced in evidence was the only anvil in defendant's shop during the month of April, 1911, if they find that such various witnesses did so testify, the jury must acquit."

RIDDLE & ELLIS, for appellant. Counsel discuss the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority.

WALKER, P. J.—The charge in this case was of the larceny of an anvil, alleged to be the property of Sam Abram. There was evidence tending to prove that Abram's ânval was stolen from his shop, and that shortly after this occurred it was in the defendant's possession in his shop. Testimony in behalf of the defendant tended to prove that the only anvil which was in his shop during the time in question was one which was produced in court and was unlike the one stolen from Abram. Evidence as to when and from whom the defendant bought this anvil, was properly excluded. Such evidence could have no tendency to rebut that offered by the prosecution or to show that the defendant had not been in possession of the stolen anvil. It was in reference to a matter having no bearing upon any issue in the case.

Obviously, in view of the evidence in the case, the written charge requested by the defendant was not one which he was entitled to require the court to give.

Affirmed.